United States District Court
Southern District of Texas
ENTERED

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., as Broadcast Licensee of the September 13, 2003, De La Hoya/ Mosley Event, <br><br> Plaintiff, <br><br> v. <br><br> 1) JOHNNY C. COLLINS, Individually and d/b/a WingStop Restaurant; and 2) SOUTH OF THE BORDER WINGS, INC., Individually and d/b/a WingStop Restaurant, <br><br> Defendants. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. B-05-260 |

## OPINION & ORDER

BE IT REMEMBERED that on May 31, 2006, the Court **GRANTED** Plaintiff's Motion for Final Default Judgment. Dkt. No. 13.

### I. Background

This case arises out of the alleged unlicensed interception and exhibition of a boxing match (the "Event") by Defendants. *Id.* at 2. The boxing match, which was a championship match between Oscar De La Hoya and Shane Mosley, took place on September 13, 2003. *Id.* Plaintiff held the exclusive rights to exhibit and sublicense the Event in Texas, by virtue of a licensing agreement with the Event's promoter. *Id.* at 5; Dkt. No. 15, Ex. A, at 2; Dkt. No. 15, Ex. A-1. Plaintiff entered into licensing agreements with individual establishments for the commercial exhibition of the Event. Dkt. No. 13, at 6; Dkt. No. 15, Ex. A, at 3. Plaintiff supplied the Event to its licensees by way of a scrambled signal sent to the licensees via satellite and cable communication

systems. Dkt. No. 13, at 6; Dkt. No. 15, Ex. A, at 2, 3. Plaintiff alleges that Defendants "intercepted the closed-circuit telecast of the September 13, 2003, Championship boxing match between Oscar De La Hoya and Shane Mosley . . . and exhibited the Event in Defendants' Establishment, WingStop Restaurant . . . without paying the licensing fee to Plaintiff." Dkt. No. 13, at 2.

Plaintiff filed suit against Defendants on September 23, 2005, alleging causes of action under 47 U.S.C. § 553, 47 U.S.C. § 605, and Texas Civil Practice and Remedies Code §§ 123.002, 123.004. Dkt. No. 1. Plaintiff was unable to serve the Defendants through normal methods, and therefore moved for substitute service of process on January 17, 2006. Dkt. No. 4. The Court granted the motion on January 23, 2006. Dkt. No. 6.

Defendant Johnny C. Collins was served on January 26, 2006, by leaving a copy of the complaint securely attached to the door of Mr. Collins' home. Dkt. No. 8. Defendant South of the Border Wings, Inc. was served on January 27, 2006, by serving the Secretary of State. Dkt. No. 9. Defendants never answered or responded in any way. An entry of default was made against Defendants on May 19, 2006. Dkt. No. 12. Plaintiff's Motion for Final Default Judgment is presently before the Court. Dkt. No. 13.

## II.    Default Judgment

Plaintiff has provided evidence sufficient to establish violations of 47 U.S.C. § 553, 47 U.S.C. § 605, and Texas Civil Practice and Remedies Code §§ 123.002, 123.004. Plaintiff was the only broadcast licensee of the Event in Texas. Dkt. No. 15, Ex. A, at 2; Dkt. No. 15, Ex. A-1. Plaintiff therefore had the exclusive right to sublicense the Event to commercial establishments throughout Texas. Plaintiff provided transmission of the Event by way of a scrambled signal, and only its authorized licensees were provided the means to unscramble it. Dkt. No. 15, Ex. A, at 2–3. Defendants' bar was not an authorized licensee, and Defendants did not purchase the right to display the Event. *Id.* at 3. Despite this, Defendants intercepted the Event, unscrambled it, and exhibited it to their patrons. *Id.* Thus, Defendants violated each of these three statutes, and default judgment should be granted.

### III. Damages

The Court must now determine the appropriate award of damages. Under the federal statutes, Plaintiff is entitled to choose between actual damages and statutory damages. See, e.g., 47 U.S.C. § 605(e)(3)(C)(i) (2000). Under the Texas statute, an aggrieved party is entitled to a minimum statutory award, plus any additional actual damages in excess of the statutory amount and punitive damages. TEX. CIV. PRAC. & REM. CODE § 123.004 (2005).

In this case, Plaintiff only requests damages under 47 U.S.C. § 605. Dkt. No. 13, at 10–11, 18-19, 22, 24, 27. Plaintiff requests statutory damages of $10,000 and additional damages of $50,000. Id. at 27. The Court finds that the conduct alleged in this case is not sufficiently egregious to warrant this amount of damages. See Top Rank Inc. v. Tacos Mexicanos, No. 01CV5977, 2003 WL 21143072, *5 (E.D.N.Y. 2003). There is no evidence that Defendants' establishment has engaged in cable piracy on other occasions, and it only displayed the Event on two televisions, apparently without any sound. Dkt. No. 15, Ex. A-2. There is also no evidence that Defendants advertised about the Event in advance or charged an entrance fee because of the Event. Finally, the Court finds it should impose a damages award that "deters but does not destroy." Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999). Therefore, this Court will consider what damages are appropriate under these circumstances.

### A. Statutory Damages

Courts have employed several methods to determine an appropriate amount of damages in cable piracy cases. See, e.g., Entm't by J&J, Inc. v. Al-Waha Enters., Inc., 219 F.Supp.2d 769, 776 (S.D. Tex. 2002). This Court finds that the appropriate method to use in this case is for damages to be assessed on a per-patron basis. Other courts have held that $50 per patron was a reasonable amount in cases similar to this one, and this Court finds that amount to be appropriate here. See Tacos Mexicanos, 2003 WL 21143072, at *4, and cases cited therein. Therefore, based on the evidence that there were 40 patrons in Defendants' bar, the Court finds that a statutory damages

award of $2,000 is appropriate in this case.[1] Dkt. No. 15, Ex. A-2.

### B. Willfulness

The Court finds that this award should be further increased based on the willfulness of the violation. Although there is no direct evidence that Defendants acted willfully, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc., 146 F.Supp.2d 955, 959 (E.D. Wisc. 2001) (quoting Time Warner Cable v. Googies Luncheonette, Inc. 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999)). Furthermore, the Event was rebroadcast to the bar's customers, meaning that this act of cable piracy was for the purpose of direct or indirect commercial advantage. Id.; Al-Waha Enters., Inc., 219 F.Supp.2d at 776–77. Thus, the act was willful under the statute, and an increase in the penalty is appropriate. 47 U.S.C. § 605(e)(3)(C)(ii) (2000).

In determining the appropriate size of the increase in damages, Courts have generally multiplied the original damages amount by some factor to determine the additional amount. See, e.g., Tacos Mexicanos, 2003 WL 21143072, at *5 (awarding four times); Al-Waha Enters., Inc., 219 F.Supp.2d at 777 (tripling the damages award). Courts have used factors ranging anywhere from 3 to 7 times the damages amount. See, e.g., Lauratex Textile Corp. v. Allton Knitting Mills, Inc., 519 F.Supp. 730, 733 (S.D.N.Y. 1981) (awarding seven times). This Court finds that a factor of four times the damages amount is appropriate, based on the facts and circumstances of this case.[2] Thus, the damages award will be increased to $8,000.

### C. Attorney's Fees

Under 47 U.S.C. § 605, a prevailing plaintiff is entitled to an award of costs and reasonable attorney's fees. Therefore, Plaintiff requests an award of attorney's fees based on a contingency fee of 33% of the damages award. Dkt. No. 13, at 24. As an alternative, Plaintiff also requests attorney's fees based on a lodestar amount. Dkt. No.

---

[1] This amount is based on a calculation of 40 patrons * $50 per patron = $2,000.

[2] Again, the Court reiterates that the evidence in this case does not establish a particularly egregious violation. See supra § III.

13, Ex. B, at 3.  This Court must determine which method to use for calculating the appropriate award of attorney's fees and then determine the appropriate amount.

The Court finds the contingency fee approach to be unreasonable and inappropriate when applied to this case.  Plaintiff's own evidence establishes that Plaintiff's attorneys expended only eight hours on this case.  *Id.*  This Court finds an award of attorney's fees of more than $2,600 to be excessive for this amount of work.[3]  Thus, the Court will not utilize the contingency fee method.

However, the Court finds the lodestar method to be entirely reasonable and appropriate.  *See* Cablevision Sys. N.Y.C. Corp v. Torres, No. 02 Civ. 7602 (AJP), 2003 WL 22078938, *4 (S.D.N.Y. 2003).  Plaintiffs have established that $250 per hour is a reasonable fee and that eight hours were expended on this matter.  Dkt. No. 13, Ex. B, at 3–4.  Therefore, the Court finds that an award of attorney's fees in the amount of $2,000 is appropriate.

Finally, the Court "declines to award contingent attorney's fees and costs [for possible future events]. [Plaintiff] may apply for such an award if and when such fees and costs are incurred."  Nat'l Satellite Sports, Inc. v. Carmen-Garcia, No. 3:01-CV-1799-D, 2003 U.S. Dist. LEXIS 10315, *7 (N.D. Tex. 2003).

## IV.   Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Final Default Judgment and **ORDERS** that default judgment be entered against Defendants.  Dkt. No. 13.  Furthermore, the Court **ORDERS** that Plaintiff, Garden City Boxing Club, recover the following from Defendants:

 (1) $2,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

 (2) $6,000 in additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

 (3) $2,000 in attorney's fees; and

 (4) $250 in costs.

---

[3] The Court also notes that, under Plaintiff's requested amount of damages, the contingency fee basis would produce attorney's fees of $20,000.  The Court cannot fathom how attorney's fees of $2,500 *per hour* could be considered "reasonable."  Thus, the Court concludes that the contingency fee basis is inappropriate in this case.

The above sums, totaling $10,250, shall bear interest at the rate of 6.25% per annum from the date of judgment until paid. Finally, Plaintiff's award is limited to this single recovery, for which Defendants Johnny C. Collins and South of the Border Wings, Inc. shall be held jointly and severally liable, along with WingStop Restaurant. *See Tacos Mexicanos*, 2003 WL 21143072, at *6. All other relief not expressly granted herein against Defendants is **DENIED**.

DONE at Brownsville, Texas, this 31 day of May, 2006.

Hilda G. Tagle
United States District Judge