**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **GARDEN CITY BOXING CLUB, INC.,** | § | |
| **as Broadcast Licensee of the** | § | |
| **September 13, 2003, De La Hoya/** | § | |
| **Mosley Event,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-05-260** |
| | § | |
| **1) JOHNNY C. COLLINS, Individually** | § | |
| **and d/b/a WingStop Restaurant; and** | § | |
| **2) SOUTH OF THE BORDER WINGS,** | § | |
| **INC., Individually and d/b/a** | § | |
| **WingStop Restaurant,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION & ORDER**

BE IT REMEMBERED that on July 18, 2006, the Court considered the Defendants' Motion for New Trial, Dkt. No. 21, the parties' Notice of Agreed Extension, Dkt. No. 22, the Plaintiff's Response to Defendants' Motion for New Trial, Dkt. No. 23, and Plaintiff's Appendix to Plaintiff's Response to Defendants' Motion for New Trial, Dkt. No. 24.

**I.    Background**

This case arises out of the alleged unlicensed interception and exhibition of a boxing match (the "Event") by Defendants.  Dkt. No. 13, at 2.  The boxing match, which was a championship match between Oscar De La Hoya and Shane Mosley, took place on September 13, 2003.  *Id.*  Plaintiff held the exclusive rights to exhibit and sublicense the Event in Texas, by virtue of a licensing agreement with the Event's promoter.  *Id.* at 5; Dkt. No. 15, Ex. A, at 2; Dkt. No. 15, Ex. A-1.  Plaintiff entered into licensing

-1-

agreements with individual establishments for the commercial exhibition of the Event. Dkt. No. 13, at 6; Dkt. No. 15, Ex. A, at 3.  Plaintiff supplied the Event to its licensees by way of a scrambled signal sent to the licensees via satellite and cable communication systems.  Dkt. No. 13, at 6; Dkt. No. 15, Ex. A, at 2, 3.  Plaintiff alleges that Defendants "intercepted the closed-circuit telecast of the September 13, 2003, Championship boxing match between Oscar De La Hoya and Shane Mosley . . . and exhibited the Event in Defendants' Establishment, WingStop Restaurant . . . without paying the licensing fee to Plaintiff."  Dkt. No. 13, at 2.

Plaintiff filed suit against Defendants on September 23, 2005, alleging causes of action under 47 U.S.C. § 553, 47 U.S.C. § 605, and Texas Civil Practice and Remedies Code §§ 123.002, 123.004.  Dkt. No. 1.  Plaintiff was unable to serve the Defendants through normal methods, and therefore moved for substitute service of process on January 17, 2006.  Dkt. No. 4.  The Court granted the motion on January 23, 2006.  Dkt. No. 6.

Defendant Johnny C. Collins was served on January 26, 2006, by leaving a copy of the complaint securely attached to the door of his home.  Dkt. No. 8.  Defendant South of the Border Wings, Inc. was served on January 27, 2006, by serving the Secretary of State of Texas.  Dkt. No. 9.  Defendants never answered or responded in any way.  An entry of default was made against Defendants on May 19, 2006.  Dkt. No. 12.  Plaintiff's Motion for Final Default Judgment was granted and the case was closed on May 31, 2006.  Dkt. Nos. 13, 19, 20.  The motion *sub judice* was filed nine days later. Dkt. Nos. 20, 21.

## II.    Standards for Motions for New Trial

The Defendants in this case style their motion as a Motion for New Trial.  Dkt. No. 21.  A motion for new trial would be analyzed under Federal Rule of Civil Procedure 59(a).  That rule applies only if a trial has actually been conducted, however, and not to situations in which default or summary judgment was granted.  *See* Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 748 n.9 (5th Cir. 2006); Patin v. Allied Signal, Inc., 77 F.3d 782, 785 & n.1 (5th Cir. 1996); United States v. $10,000.00 in United States

Funds, 52 F.3d 329, 1995 WL 216871, *2 n.5 (7th Cir. 1995) [hereinafter "United States Funds"].  Here, default judgment was entered against the Defendants.  Dkt. No. 19. Thus, Rule 59(a) does not apply in this case.

Because Defendants' proffered basis for their motion is inapplicable, the Court will interpret it as a motion for reconsideration.  Unfortunately, it is not clear in this Circuit whether the motion should be analyzed under Federal Rule of Civil Procedure 59(e) or Rule 60(b).  *See, e.g.*, United States v. One 1988 Dodge Pickup, 959 F.2d 37, 39–41, 40 n.2 (5th Cir. 1992) (holding that a motion attacking a default judgment will be construed as a motion under Rule 59(e) for purposes of Rule 4(a)(4), but reserving the question of whether the standard to be applied should be governed by Rule 60(b), through Rule 55(c), or by Rule 59(e)); *but see United States Funds*, 1995 WL 216871 at *2 (stating that, in the context of a default judgment, any motion brought under Rule 59(a) is functionally a Rule 55(c) motion, despite the erroneous label); Metropolitan Life Ins. Co. v. Cammon, No. 88 C 5549, 1990 WL 44687, *3 (N.D. Ill. April 6, 1990) (holding that Rule 55(c), and not Rule 59(e), is the proper method for attacking default judgments).  Therefore, the standard for evaluating a motion will be provided for both of these rules.[1]

### A. Rule 59(e)

Motions under Rule 59(e) "call[] into question the correctness of a judgment." Templet v. Hydrochem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re* Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  In making the determination of whether to reconsider its judgment, a court must balance two opposing needs: the need for finality of litigation and the need to render just decisions based upon all of the facts. *Templet*, 367 F.3d at 478; Mata v. Cameron County, Texas, No. C.A. B-04-92, 2005 WL 2146078, *1 (S.D. Tex. Sept. 2, 2005).  However, once a judgment has been entered, reconsideration of that judgment is "an extraordinary remedy that should be used

---

[1]Because the choice of rule under which the motion should be analyzed is not outcome-determinative in this case, the Court will refrain from making that determination and will instead evaluate the motion under both rules.

sparingly." *Templet*, 367 F.3d at 478; *Mata*, 2005 WL 2146078, at *1.

To prevail upon a Rule 59(e) motion, the movant must establish the existence of an appropriate basis for reconsideration. *See Mata*, 2005 WL 2146078, at *1. The two most prevalent bases are a need "to correct manifest errors of law or fact" and the discovery of new or previously unavailable evidence. *Templet*, 367 F.3d at 479; *Mata*, 2005 WL 2146078, at *1. Additionally, reconsideration may be appropriate if it is "necessary in order to prevent manifest injustice" or if there has been "an intervening change in controlling law." *Mata*, 2005 WL 2146078, at *1. If the movant fails to establish any of these factors, a motion to alter or amend should be denied. *Id.* Even if the movant successfully proves that one of these factors exists, the Court has considerable discretion to determine whether reconsideration of its judgment is warranted. *See Templet*, 367 F.3d at 479; *Mata*, 2005 WL 2146078, at *1.

### B. Rule 60(b)

According to Rule 55(c), "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) enumerates reasons which justify setting aside a court's final judgment. FED. R. CIV. P. 60(b). These reasons include[2] "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." *Id.*

When the asserted basis for setting the judgment aside is either excusable neglect or the "any other reason" catch-all provision, the moving party must show good cause for setting aside the default judgment. *See* Warfield v. Byron, 436 F.3d 551, 556 (5th Cir. 2006); Hall Lone Star Assocs., L.P. v. Lone Star Cadillac Co., Ltd., No. Civ.A. 3:97-CV-13926, 1998 WL 47603, *2 (N.D. Tex. Jan. 28, 1998); Hertz Corp. v. Caulfield, Civ. A. No. 89-4847, 1992 WL 53610, *1–*2 (E.D. La. March 10, 1992). To determine if the movant has established good cause, the court must consider: (1) the culpability of

---

[2]Although there are other reasons enumerated in the rule, the Court will not discuss those reasons which are clearly inapplicable to this case.

-4-

the Defendant's conduct;[3] (2) the merits of the asserted defense(s); and (3) the prejudice to the plaintiff.  *See Warfield*, 436 F.3d at 556; *Caulfield*, 1992 WL 53610, at *1.

Finally, a judgment is void only when the adjudicating court did not have "authority to enter the judgment . . . or acted in a manner inconsistent with due process." United States v. Mercedes-Benz 2000 Model S400, 84 Fed. App'x 652, 654 (7th Cir. 2003) (citations omitted).  Furthermore, "mistakes or even manifest errors of law do not render a judgment void if the court had the power to enter it."  *Id.*

## III.  Analysis

All of the filings currently before the Court suffer from numerous procedural defects.  Defendants' motion also suffers from substantive problems.  Therefore, the Court will first address the procedural problems encountered by Plaintiff's response and appendix and the parties' joint notice, and then will consider both the procedural and substantive issues confronting Defendants' motion.

### A. Plaintiff's and Parties' Joint Filings[4]

The parties' Notice of Agreed Extension, the Plaintiff's response and the Plaintiff's appendix all fail to abide by procedural rules.  The parties' joint notice is styled as a Notice of Agreed Extension.  Dkt. No. 22.  This styling is inappropriate.  The deadline for responding to a motion is governed by Local Rule 7.4(A) and Chambers Rule 5(D).  Therefore, the parties must request an extension of a response deadline from the Court.  *See* FED. R. CIV. P. 6(b)(1).  Nonetheless, the Court will construe this

---

[3]This factor can also be stated as asking whether the default was the result of excusable neglect.  *See Lone Star Cadillac Co.*, 1998 WL 47603, at *2.

[4]All of the problems in this subsection are ones for which the Court would normally grant the Plaintiff an opportunity to correct.  However, because the Court concludes that the underlying motion should be denied even without a response from the Plaintiff, the Court will not waste judicial time and resources or impose unnecessary attorney's fees upon Plaintiff by requiring Plaintiff to rectify these problems and waiting for an amended response.

pleading as a motion for extension of time in which to respond.

To extend the deadline for responding, the parties must provide a reason for why they are requesting such an extension.  *See id.*; *cf.* CHAMBERS RULE 5(G).  This was not done.  Therefore, the motion must be denied.

Plaintiff's response to the motion for new trial and its appendix thereto were filed on July 7, 2006 — more than a week after the deadline for a response.  *See* Dkt. Nos. 21, 23, 24; FED. R. CIV. P. 6; LOCAL RULE 7.4(A); CHAMBERS RULE 5(D).  Plaintiff failed to file a motion for leave to file its response and appendix late, as required by Chambers Rule 5(G).[5]  Therefore, Plaintiff's response and appendix must be stricken.  *See* FED. R. CIV. P. 6(b)(1); *cf.* CHAMBERS RULE 5(G).

In addition, even if the Court were to grant leave for the response and the appendix to be filed late, these filings fail to abide by several other procedural rules. Briefs and memoranda may not exceed 25 pages, unless permitted by the Court. CHAMBERS RULE 5(I)(1).  When determining the length of a filing, parties are not permitted to unnecessarily separate a motion from its attachments or exhibits. CHAMBERS RULE 6(B).  Here, Plaintiff's response and accompanying appendix exceed 25 pages in length.  Plaintiff's appendix does not contain a paginated table of contents or tabs.  CHAMBERS RULE 5(P).  Finally, Plaintiff failed to submit a hard courtesy copy of the motion and appendix to the Court, as required by Chambers Rule 6(A).  *See also* CHAMBERS RULE 6(D).  Therefore, Plaintiff's response and appendix must be stricken and will not be considered by the Court.

**B.  Defendants' Motion**

Defendants' Motion for New Trial also contains numerous procedural defects. The motion further fails to meet the requirements of either Rule 59(e) or Rule 60(b). Each of these problems will be addressed in turn.

---

[5]Plaintiff apparently relied upon the extension to respond agreed to by Defendants.  However, this erroneous reliance provides no basis for waiving the Court's procedural rules.

i.  Procedural Defects

Defendants' motion fails to comply with several Local Rules and with one Chambers Rule.  First, Defendants' motion does not contain a statement of the issues to be ruled upon by the Court with supporting authority and standards of review. CHAMBERS RULE 5(I)(2).  Second, the motion contains no statement that counsel conferred with the Plaintiff and that Plaintiff is opposed to the motion.  LOCAL RULE 7.1(D)(1), (2).  Finally, and most importantly, the motion includes no references to any authority whatsoever, and it is not accompanied by an affidavit or other documentary evidence to prove the facts alleged.  LOCAL RULE 7.1(B); LOCAL RULE 7.7.  These failures alone warrant dismissal of Defendants' motion.

ii.  Substantive Failure

Assuming *arguendo* that Defendants' motion passes muster under the procedural rules, it still fails to meet the exacting requirements of Rule 60(b) or even the lower standard for Rule 59(e).  *See* S. Constr. Group, Inc. v. Dynalectric Co., Civ.A. No. 90-2942, 1993 WL 85964, *1 n.2 (E.D. La. March 15, 1993).  Defendants motion provides three alleged grounds for a new trial: "Defendants were not afforded effective notice" because they did not "learn[] of the lawsuit until it was too late;" they attempted to file an answer upon notice of default but judgment had already been rendered; and they "do have a meritorious defense and not [sic] liable as alleged."  Dkt. No. 21, at 1. None of these grounds establish a basis for reconsidering the Court's judgment.

a. Rule 59(e)

Under Rule 59(e), Defendants must establish one of the four possible bases for altering or amending the judgment.  *See Mata*, 2005 WL 2146078, at *1.  Defendants do not allege that new evidence has been discovered or that the controlling law has undergone any changes.  Therefore, Defendants must establish either a need to correct a manifest error of law or fact or a need to prevent manifest injustice.

Defendants' bald assertion that they have a meritorious defense and their statement that they attempted to file an answer after judgment was entered do not

provide the requisite showing.  Dkt. No. 21, at 1.  Defendants' claim that they "were not afforded effective notice," however, may establish either a manifest error of law or a manifest injustice if it is proven.  *Id.*  If Defendants were not afforded notice, then they were deprived of their due process rights.  *See* Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).  Thus, the Court must determine whether Defendants were accorded adequate process sufficient to meet the constitutional standard.

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* at 314 (citations omitted).  Notice must provide a reasonable amount of time for the interested parties to make an appearance.  *Id.* (citations omitted).  However, there is no requirement of *actual* notice.  Dusenbery v. United States, 534 U.S. 161, 170, 171 (2002).  All that is required is the use of a procedure which is *reasonably intended* to provide notice.  *Id.* at 170–71, 172; *Mullane*, 339 U.S. at 315.

In this case, Plaintiff provided constitutionally adequate notice to the Defendants.  Plaintiff attempted to provide personal service on Defendants but was unable to do so.  Dkt. No. 4.  Plaintiff therefore requested, and was granted permission from this Court, to use statutorily prescribed substitute methods of service.  Dkt. Nos. 4, 6.  Using those procedures, Plaintiff served South of the Border Wings, Inc. by serving the Texas Secretary of State, and it served Johnny C. Collins by leaving a copy of the citation at his address.  Dkt. Nos. 8, 9.  Under the circumstances, these efforts were "reasonably calculated . . . to apprise" Defendants of this action.  *Mullane*, 339 U.S. at 314.

Therefore, Defendants can point to no evidence to show that any of the four bases for a Rule 59(e) motion exist.  Defendants' motion fails under Rule 59(e).

b. Rule 60(b)

To prevail under Rule 60(b), Defendants must prove either that good cause exists for setting aside the default judgment or that the judgment is void.  FED. R. CIV. P. 60(b); *Warfield*, 436 F.3d at 556.

To rely on mistake, inadvertence, surprise, excusable neglect, or "any other

reason," Defendants must establish good cause for setting the judgment aside. *Warfield*, 436 F.3d at 556.  To determine whether good cause exists, the Court must consider the Defendants' culpability in failing to answer, the Defendants' asserted defense, and the prejudice to the Plaintiff.  *Id.*  These considerations do not support Defendants' motion.

Defendants claim that they did "not learn[] of the lawsuit until it was too late." Dkt. No. 21, at 1.  This allegation is sufficient to form an averment that the default was not the result of culpable conduct by the Defendants.  *Warfield*, 436 F.3d at 556. However, Defendants are *presumed* to have received the pleadings based on the substitute service of process.  *Id.*; *see also* TEX. BUS. ORGS. CODE §§ 5.251, 5.252 (2006); FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 106(b); Sgitcovich v. Sgitcovich, 241 S.W.2d 142, 147, 148 (Tex. 1951); Mylonas v. Tex. Commerce Bank-Westwood, 678 S.W.2d 519, 523 (Tex. App. 1984).  Defendants have provided no evidence to rebut this presumption.  *See Warfield*, 436 F.3d at 556.  Therefore, the Court finds that the default was the result of culpable conduct, and not the result of excusable neglect.

Defendants state that they "have a meritorious defense and not [sic] liable as alleged."  Dkt. No. 21, at 1.  Defendants do not, however, provide any evidence or even provide any details as to what this defense may be.  The statement that they have a defense, with no support or particularity, is insufficient as a matter of law.  FED. R. CIV. P. 7(b)(1); *Caulfield*, 1992 WL 53610, at *2.  Defendants have not established a meritorious defense.

Finally, the third consideration, the prejudice to Plaintiff, weighs in favor of setting aside the default judgment.  Plaintiff would not be prejudiced if the judgment were set aside.  *See* CGB Occupational Therapy, Inc. v. RHA/Pa. Nursing Homes, Inc., No. Civ.A. 00-4918, 2001 WL 253745, at *5 (E.D. Pa. March 9, 2001).  However, this one factor is insufficient to overcome the Defendants' culpability in failing to respond and their failure to assert a meritorious defense.  *See Lone Star Cadillac Co.*, 1998 WL 47603, at *2 n.9.

Under Rule 60(b)(4), Defendants may also be entitled to have the judgment set aside if the judgment was void.  A judgment is void if the Court was without authority to

enter it or if there is a constitutional violation of due process.  *See Mercedes-Benz 2000 Model S400*, 84 Fed. App'x at 654; Graves v. Brown (*In re* Graves), 279 B.R. 266, 276 (B.A.P. 9th Cir. 2002).  Defendants do not assert that the Court was without jurisdiction to enter the judgment, and the Court finds that it had such jurisdiction.  Finally, as discussed *supra*, there was no constitutional due process violation in this case.  Thus, Defendants fail to establish that the default judgment should be set aside pursuant to Rule 60(b).

## IV.    Conclusion

Based on the foregoing, the Court **DENIES** the parties' Notice of Agreed Extension, Dkt. No. 22, **STRIKES** the Plaintiff's Response to Defendants' Motion for New Trial, Dkt. No. 23, and **STRIKES** Plaintiff's Appendix to Plaintiff's Response to Defendants' Motion for New Trial, Dkt. No. 24.  Furthermore, the Court **DENIES** Defendants' Motion for New Trial, Dkt. No. 21.

DONE at Brownsville, Texas, this 18th day of July, 2006.

_____
Hilda G. Tagle
United States District Judge